UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID F. LOWERY, III,

               Plaintiff,                    **MEMORANDUM AND ORDER**
                                                           CV 12-1104 (DRH) (GRB)

    - against -

RESORTS INTERNATIONAL HOTEL &
CASINO, INC., RESORTS ATLANTIC CITY,
"JOHN DOE" DEALER, "JOHN DOE"
SECURITY GUARD,

               Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**THE LAW OFFICES OF CHRISTOPHER J. CASSAR P.C.**
Attorneys for Plaintiff
13 East Carver Street
Huntington, NY 11743
By:    Christopher J. Cassar, Esq.

**McGAW, ALVENTOSA & ZAJAC**
Attorneys for Defendant Resorts International Hotel and Casino, Inc.
2 Jericho Plaza, Suite 300
Jericho, NY 11753
By:    Mark J. Hanlon, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff David F. Lowery, III ("plaintiff" or "Lowery") brings this diversity action against defendants Resorts International Hotel & Casino, Inc. ("Resorts International"), Resorts Atlantic City ("Resorts A.C."), and two "John Doe" employees (collectively, the "defendants"), seeking damages for personal injuries sustained as a result of defendants' purported negligence and assault of plaintiff. Presently before the Court is Resorts International's motion to transfer venue pursuant to 28 U.S.C. §§ 1391 and 1404. For the following reasons, Resorts International's motion to transfer venue under Section 1404 is granted.

**BACKGROUND**

On March 7, 2010, Lowery claims that he was assaulted on the property located at 1133 Boardwalk, Atlantic City, New Jersey. (Compl. ¶¶ 24, 27.) Plaintiff alleges that Resorts A.C. and Resorts International owned, operated, and managed a hotel and gaming casino on this property. (*Id.* ¶¶ 12-13, 19-20.) The "John Doe" dealer and "John Doe" security guard were employees of defendants. (*Id.* ¶¶ 21-22.) At the time of the incident, plaintiff "was a visitor, patron and guest of defendants." (*Id.* ¶ 18.) Lowery states in the Complaint that he is a citizen and resident of New York while defendants are corporations and/or citizens and residents of New Jersey. (*Id.* ¶¶ 7-11, 14-17.)

**DISCUSSION**

I.   *Improper Venue Under Section 1391(c)*

Resorts International argues that "venue was improperly laid by the plaintiff pursuant to section 1391(c) and a change of venue is required." (Mark J. Hanlon Aff. ("Hanlon Aff.") ¶ 4.) Although the Eastern District of New York is not a proper venue for this action under Section 1391,[1] this statute does not independently provide Resorts International with a procedural basis to make a motion to change venue. When venue in a particular district is improper under Section 1391, a defendant can seek dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) and/or move to transfer on the ground of improper venue pursuant to 28 U.S.C. § 1406. Indeed, Section 1406 states that "[t]he district court of a district in which is filed

---

[1]   Even if the Court accepted all the allegations in the Complaint as true, venue in the Eastern District of New York would be improper. According to the general venue statute, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). Here, none of the defendants reside in New York, for purposes of Section 1391(c), nor did any of the events at issue occur in New York.

2

a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The right to object to venue, however, is not absolute and can be waived. *See* Fed. R. Civ. P. 12(b); 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."). The Second Circuit has stated that a defendant who "fail[s] to raise [a] venue challenge in a pre-answer motion or responsive pleading . . . is deemed to have waived any objection to venue." *Tri-State Emp't Servs., Inc. v. Mountbatten Sur. Co.*, 295 F.3d 256, 261 n.2 (2d Cir. 2002); *see also Prof'l Offshore Opportunity Fund, Ltd v. Huifeng Bio-Pharm. Tech., Inc.*, 2011 WL 5598213, at *2 (S.D.N.Y. Nov. 15, 2011) ("Improper venue, however, is an affirmative defense that must be raised either by answer or by a Rule 12(b) motion. The failure to do so waives the defense.").

    Here, Resorts International not only failed to move under Section 1406 to have this matter transferred on the basis of improper venue, but has waived its right to make such a motion. Resorts International's Answer, which was filed on October 18, 2012, contains nine affirmative defenses, none of which object to venue. Under these circumstances, Resorts International did not preserve its objection to improper venue, and therefore, has waived its right to now challenge venue on the basis of it being improper. *See, e.g.*, *Prof'l Offshore Opportunity Fund.*, 2011 WL 5598213, at *2 (concluding that defendant "unmistakably waived the improper venue objection" when it filed its answer without asserting the defense); *Robert Smalls Inc. v. Hamilton*, 2010 WL 3238955, at *2 (S.D.N.Y. July 19, 2010) (concluding that defendants, "who did not assert an improper-venue defense in their Answer . . . lost the right to assert it at a later time").

## II.	*Transfer Venue Under Section 1404(a)*

Resorts International also contends that the action should be transferred to the United States District Court for New Jersey pursuant to 28 U.S.C. § 1404(a).[2] (Hanlon Aff. ¶ 5.) Pursuant to Section 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, "[i]n determining whether to transfer venue, courts examine: (1) whether the action could have been brought in the proposed forum, and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 250 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). "Some of the factors a district court is to consider are, *inter alia*: '(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'" *Id.* at 106-07 (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)). Ultimately, the moving party bears the "burden of making out a strong case for transfer." *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*,

---

[2]	Although Resorts International requests that the action be transferred to the "Middle District of New Jersey," no such district exists. Because New Jersey has only one district court, the Court construes the motion to request transfer to the United States District Court for New Jersey.

865 F.2d 513, 521 (2d Cir. 1989); *see also Easyweb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

At the outset, the Court notes that a request to change venue under Section 1404 is not subject to waiver. *See Smart v. Goord*, 21 F. Supp. 2d 309, 318 n.6 (S.D.N.Y. 1998) ("Waiver of objection to improper venue only pertains to a motion to dismiss or transfer on the basis of improper venue pursuant to 28 U.S.C. § 1406(a), not to a motion to transfer for convenience and the interest of justice pursuant to 28 U.S.C. § 1404(a)."); *accord Atlantic Recording Corp. v. BCD Music Grp, Inc.*, 2009 WL 1390848, at *4 (S.D.N.Y. May 7, 2009). Moreover, plaintiff does not dispute that this action could have been brought in the District of New Jersey. Instead, the parties focus on whether transfer of this action would promote the convenience of the parties and the interests of justice. When the facts and circumstances of this case are juxtaposed with the above factors, it becomes abundantly clear that transfer would promote judicial economy and the interests of justice.

Although plaintiff's choice of forum is typically "given great weight," *D.H. Blair & Co., Inc.*, 462 F.3d 107, it does not warrant any deference here. For one, the operative facts giving rise to this lawsuit, which all occurred in New Jersey, have no relation or connection to plaintiff's chosen forum. Under similar circumstances, courts assign little to no weight to plaintiff's choice of forum.[3] *See Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 353 (S.D.N.Y. 1998) ("The weight accorded to a plaintiff's choice of venue is significantly diminished, however where the operative facts have no connection to the chosen district."); *Pierce v. Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) ("Where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the

---

[3] Similarly, because none of the facts relevant to this action are connected to the Eastern District of New York, "the locus of operative facts" factor strongly favors a transfer.

subject matter, plaintiff's choice of forum is entitled to no weight whatever, and the transfer of venue is appropriate.") (internal quotation marks and citation omitted). And, in any event, New York is not a proper forum for this lawsuit. *See Colonomos v. The Ritz-Cartlon Hotel Co., LLC*, 2002 WL 928031, at *2 (S.D.N.Y. May 8, 2002) (weighing improper venue "as an important factor in determining what the 'interest of justice' required").

In addition, the convenience of witnesses favor transfer. "[T]he convenience of both party and non-party 'witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.'" *Wagner v. New York Marriott Marquis*, 502 F. Supp. 2d 312, 315 (N.D.N.Y. 2007) (quoting *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998)); *accord Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006). As for party witnesses, only Lowery, who resides in this District, would benefit from having this case remain in this District. By contrast, the Rule 30(b)(6) designees of the defendant entities as well as the "John Doe" defendants reside in New Jersey.[4] As for other witnesses, while plaintiff correctly notes that the three individuals who were part of the initial fight at the casino had addresses located in the Eastern District of New York back in 2010, defendants identify no fewer than five employees who filled out employee statements regarding the incident.[5] Because plaintiff is challenging the conduct of defendants and their employees, it is the testimony of these and other employees, security guards, and potentially even police officers that is more relevant than the three individuals who were part of the fight that resulted in

---

[4] In fact, plaintiff alleges in the Complaint that the "John Doe" dealer and "John Doe" security guard were residents of New Jersey at all relevant times, including the commencement of the lawsuit. (Compl. ¶¶ 14, 16.)

[5] The five identified employees are as follows: (1) Paul Gatti; (2) Pit Manager Linda McCarthy; (3) Shift Manager Joe Vozzi; (4) Pit Manager Anthony Direnzo; and (5) Floor person Denise Niglio. (Hanlon Aff., Ex. D.) Although their addresses are not provided in the reports, it is safe to assume, given the absence of any information to the contrary, that they resided in New Jersey during their employment.

defendants taking action in the first place. *See Herbert Ltd. v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004) ("When assessing the convenience of witnesses, a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide."); *see also Rindfleisch*, 752 F. Supp. 2d at 255 ("[E]ven if some of plaintiffs' witnesses reside in the Eastern District of New York, the Court is doubtful that these witnesses will provide more material testimony than the witnesses located in the [proposed transferee forum]."). Indeed, "transfer is particularly appropriate in this case, because, even if witnesses with some relevant knowledge reside here, there is no evidence that any of the operative facts in this case occurred in the Eastern District of New York." *Rindfleisch*, 752 F. Supp. 2d at 256; *see also Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991) ("Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district.").

Finally, the remaining factors – none of which are raised by either party – are insignificant to the present analysis. *See, e.g.*, *S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am. Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."); *Rindfleisch*, 752 F. Supp. 2d at 260 ("There is no indication that any non-party witnesses would refuse to appear, and, thus, this factor is neutral.");[6] *Quan v. Computer Scis. Corp.*, 2008 WL 89679, at *7 (E.D.N.Y. Jan. 7, 2008) ("Absent any information demonstrating that the plaintiffs would be financially prejudiced by having to litigation in [the transferee forum], this factor adds nothing to [the] analysis.").

---

[6] It is noteworthy that if any of the potential witnesses located in Atlantic City refused to appear, he or she would be beyond the 100-mile subpoena power of this District. *See* Fed. R. Civ. P. 45(b)(2); *see also* Fed. R. Civ. P. 45(c)(3)(A)(ii).

Thus, after considering all of the Section 1404(a) factors as applied to this case, the Court concludes in its discretion that judicial economy and the interests of justice tilt the scales toward transfer.

## CONCLUSION

For the reasons set forth above, Resorts International's motion to transfer venue pursuant to 28 U.S.C. § 1404 is GRANTED.  The Clerk of the Court is directed to transfer this case to the United States District Court for New Jersey.

**SO ORDERED.**

Dated: Central Islip, New York
        May 14, 2013

                                                    /s/
                                            Denis R. Hurley
                                            Unites States District Judge